IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELA ROYSTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-15-1843 |
| JEFFREY R. GAHLER, *et al.*, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Angela Royster ("Royster") filed this lawsuit against Harford County Sheriff Jeffrey Gahler ("the Sheriff"), her former employer, for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code, State Gov't § 20-606. The Sheriff's motion for summary judgment (ECF No. 58) is now pending before the Court. Having considered the submissions of the parties (ECF Nos. 58, 61 & 62), I find that no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, the Sheriff's motion for summary judgment will be denied.

**I.     BACKGROUND**

Angela Royster ("Royster") was born in 1970. She was hired by the Harford County Sheriff's Office ("HCSO") in 1995. Beginning in 2013, while she was employed as the HCSO's Crime Analyst Manager, Royster voiced several complaints about a perceived hostile work environment and perceived discriminatory treatment. On or about October 11, 2014, at 44 years of age, Royster was passed over for what was effectively a promotion. The employee who received the promotion was a 23 year old female named Kathleen (Kate) Mack ("Mack"). At the

same time, Royster was reassigned to work at the local detention center, which she considered a less favorable work location. Royster claims that she was discriminated against because of her age and retaliated against for voicing complaints about the perceived discriminatory conduct of her supervisors. Additional facts, many of which are in dispute, will be supplied below.

Royster's second amended complaint (ECF No. 43) contains two counts. Count I alleges that the Sheriff[1] discriminated against Royster, in violation of the ADEA and the MFEPA. (*Id.* ¶¶ 147-154.) Count II alleges that the defendants retaliated against Royster because she engaged in a protected activity, in violation of the ADEA and the MFEPA. (*Id.*, ¶¶ 155-165.) The Sheriff moves for summary judgment as to both counts.

## II.   DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

---

[1] At all times relevant to Royster's complaint, the Sheriff of the HCSO was L. Jesse Bane ("Sheriff Bane"). In 2014, Jeffrey Gahler was elected Sheriff of Harford County.

A.     **Count I: Age Discrimination**

A plaintiff in an age discrimination case brought under the ADEA has "two avenues" to prove that she was discriminated against in employment because of age. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004).[2] She may offer direct or circumstantial evidence of discrimination under "ordinary principles of proof." *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996). Or she may use the *McDonnell Douglas* burden-shifting method. *Id.* In this case, Royster employs the *McDonnell Douglas* burden-shifting method.

Under the *McDonnell Douglas* approach, a plaintiff must first establish a prima facie case of discrimination. *Id.* To establish a prima facie case of age discrimination, a plaintiff must show that: (1) she is at least 40 years old; (2) she suffered an adverse employment action; (3) she was performing at a level that met her employer's legitimate expectations at the time; and (4) similarly-situated employees younger than 40 years of age received more favorable treatment. *Houston v. Kirkland*, No. GJH-15-2507, 2016 WL 7176580, at *10 (D. Md. Dec. 7, 2016).

"Once a plaintiff makes this prima facie case, [s]he creates a presumption of discrimination, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment decision." *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). If the defendant articulates a legitimate, non-discriminatory reason for its decision, "the presumption disappears and the plaintiff must show that the articulated reason is a pretext for age discrimination." *Id.* To prove that the defendant's articulated reason is a pretext for age discrimination, the plaintiff must prove both that the articulated reason is false and that the employer discriminated against her on the basis of age. *Id.*; *see also Reeves v. Sanderson*

---

[2] Because the parties agree that the analysis for Royster's discrimination and retaliation claims is the same under the ADEA and the MFEPA (*see* ECF Nos. 58-1 at 33 & 61-1 at 22), the Court will analyze both claims in the context of the ADEA.

*Plumbing Prod., Inc.*, 530 U.S. 133, 134 (2000) (noting that "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation"); *King v. Rumsfeld*, 328 F.3d 145, 154 (4th Cir. 2003) (explaining that to survive summary judgment on pretext, plaintiff "must cast sufficient doubt upon the genuineness of Defendant's explanation to warrant a jury's consideration of possible alternative and discriminatory motivations for the firing.").

The Sheriff does not dispute that Royster is over 40 years of age and thus in a protected class, or that she suffered an adverse employment action when Mack was promoted with a salary increase and Royster was reassigned to work at the detention center. (*See* ECF No. 58-1 at 34.) Rather, the Sheriff argues that Royster cannot prove that she was meeting the Sheriff's legitimate expectations at the time of the adverse action or that the Sheriff was aware of the age difference between Royster and Mack.[3] Without this, the Sheriff argues, Royster cannot make out a prima facie case of age discrimination.

A plaintiff's burden of establishing that she was meeting her employer's legitimate expectations at the time of the adverse action "is not onerous." *Brown v. Siemens Healthcare Diagnostics, Inc.*, No. DKC-11-0769, 2012 WL 3136457, at *7 (D. Md. July 31, 2012) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). To make this showing,

> [a] plaintiff need not show perfect performance or even average performance. . . . [She] need only show that [her] performance was of sufficient quality to merit continued employment, thereby raising an inference that some other factor was involved in the decision to discharge him. . . . [P]roof of competence sufficient to

---

[3] Viewing the evidence in the light most favorable to Royster, the Court rejects the Sheriff's argument that Sheriff Bane was not aware that Royster was more than twenty years older than Mack. Sheriff Bane testified that he had worked with Royster in 1995 (at which time Mack would have been five years old). Mack had worked for the HCSO for only two years. In addition, Sheriff Bane received an email in 2013 that contained Mack's date of birth (*see* ECF 61-1 at 29). There is ample evidence that Sheriff Bane was aware of the age difference between Royster and Mack.

4

> make out a prima facie case of discrimination was never intended to encompass proof of superiority or flawless performance.

*Id.* (quoting *Powell v. Syracuse Univ.*, 580 F.2d 1150, 1155 (2d Cir. 1978)).

The Sheriff argues that "Royster has absolutely no evidence from the years 2013 and 2014 to show she was meeting the Sheriff's legitimate job expectations." (ECF No. 58-1 at 35.) And "[e]ven if she could muster an example or two of praise for her work," the Sheriff argues, "the overwhelming weight of the evidence in the record" is that Royster "lacked critical crime analysis skills and was resistan[t] to any changes or self-improvement. (*Id.*)

Royster argues that there is a genuine dispute about what the expectations for her position actually were, and who set those expectations.[4] (ECF No. 61-1 at 24.) But the core of her argument is that, contrary to the Sheriff's argument, there is substantial evidence in the record that demonstrates Royster "was performing her job satisfactorily at the time of her non-promotion in October 2014." (*Id.* at 26.) For instance, in her July 2014 performance review by Captain Carl Brooks ("Brooks"), Royster received either "outstanding" or "acceptable" ratings in all areas. (ECF No. 61-8 at 4-5.) The comments section of the review also indicates that Royster was performing her job to her employer's satisfaction. (*Id.* at 6.) Although Royster points to other evidence to prove that she was meeting the Sheriff's legitimate expectations, the July 2014 performance evaluation is dispositive to the issue at this stage of the proceedings.[5]

---

[4] In determining whether an employer's expectations were legitimate, courts may conduct a limited inquiry, which focuses on "whether the employer communicated [its] expectations to the employee and whether those expectations were unreasonable." *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 463 (7th Cir. 1986). The record is not clear regarding what the expectations of the Sheriff were, but there is little dispute that the expectations that have been outlined by the parties were both reasonable and communicated to Royster.

[5] Royster also submits deposition testimony from a former coworker, Aaron Stewart, but the opinion of coworkers is "close to irrelevant" in determining whether an employee is meeting legitimate expectations. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998)).

There is a genuine dispute of material fact regarding whether Royster was meeting the Sheriff's legitimate expectations. A reasonable jury could conclude that Royster's performance was accurately described in the July 2014 performance evaluation. Given that her performance was rated as either "outstanding" or "acceptable" in all areas, a reasonable jury could conclude that Royster's performance was "of sufficient quality to merit continued employment."[6] *Brown*, 2012 WL 3136457, at *7. To the extent that the July 2014 performance evaluation was written with "kid gloves" to downplay Royster's deficiencies, as the Sheriff suggests (*see* ECF No. 58-1 at 24), it is not the role of the Court to weigh the evidence in deciding a motion for summary judgment.[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Viewing the evidence in the light most favorable to Royster, she has established a prima facie case of age discrimination.

B.     **Count II: Retaliation**

In Count II, Royster claims that the Sheriff retaliated against her for complaining about age discrimination. The ADEA provides that "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(d). To establish a prima facie case of retaliation under the ADEA, a plaintiff must show that "(1) the plaintiff engaged in a protected activity, (2) the employer took an adverse employment action against the plaintiff, and (3) a

---

[6] The Sheriff has not submitted any evidence to suggest that Royster's performance changed after the July 2014 performance evaluation.

[7] Although there is evidence that Royster was not meeting the expectations of her supervisors regarding the implementation of ARCGIS, this deficiency in performance does nothing more than create a dispute of fact, which precludes summary judgment for the Sheriff.

causal connection existed between the protected activity and the adverse employment action." *Johnson v. Mechanics & Farmers Bank*, 309 F. App'x 675, 684 (4th Cir. 2009) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). If a plaintiff establishes a prima facie case, the burden shifts to the defendant to "presen[t] evidence of a legitimate, non-retaliatory reason for the adverse action." *Id.* Once the defendant has presented such evidence, the burden shifts back to the plaintiff to prove that the proffered reason for the action is pretextual. *Id.*

The Sheriff argues that he is entitled to summary judgment because Royster never engaged in a protected activity under the ADEA. (ECF No. 58-1 at 36-38.) Although conceding that Royster made regular complaints to her supervisors and colleagues, the Sheriff opines that there is no evidence that any of her complaints related to perceived age discrimination. As such, the Sheriff could not have reasonably known that Royster's complaints were in response to age discrimination. The Sheriff concludes that Royster cannot make out a prima facie case of retaliation because she cannot show that she engaged in a protected activity.

Royster disputes the Sheriff's characterization of the evidence and argues that, at best, there is a dispute of material fact regarding Royster's complaints of age discrimination. (ECF No. 61-1 at 29-33.) For example, Royster points to the deposition testimony of Mack. (ECF No. 61-9.) Mack testified that Royster complained about being treated differently because of her age more than once. (*Id.* at 17.) She also testified that Royster made her complaints in front of Major Christopher Swain ("Swain") and to Sheriff Bane. (*Id.* at 18.) Further, Mack specifically testified that Royster complained about Mack receiving preferential treatment because of her relative youth. (*Id.* at 12-15.)

Mack's deposition testimony generates a dispute of fact as to whether Royster engaged in protected activity under the ADEA.[8] Although the Sheriff correctly notes that Mack did not state the substance of Royster's age discrimination complaints, Mack testified that she was certain that Royster had made complaints of age discrimination, and that her colleagues and supervisors were aware of them. Viewed in the light most favorable to Royster, this evidence is sufficient to allow a reasonable jury to find that Royster complained of age discrimination and that the Sheriff knew or should have known that her complaints related to age discrimination.

C.     **The Reason for the Sheriff's Adverse Action**

Having made out a prima face case of age discrimination, Royster has created a presumption of discrimination and the burden of production shifts to the Sheriff to "articulate a legitimate, non-discriminatory reason" for its decision to reassign Royster and promote Mack. *See Laber*, 438 F.3d at 430.

Without ever conceding that Royster has demonstrated a prima facie case of age discrimination, the Sheriff submits that it had a legitimate reason to reassign Royster and promote Mack. (ECF No. 58-1 at 38-41.) Under Royster's leadership, the Crime Analysis Unit ("CAU") refused to implement ArcGIS[9] as had been ordered, and the Sheriff was generally disappointed with the work of the Unit. Mack, on the other hand, sought out opportunities for

---

[8] Royster also points to the deposition testimony of Aaron Stewart as evidence that she complained about age discrimination. (ECF No. 61-1 at 31.) But as the Sheriff points out, Stewart did not testify with certainty regarding Royster's age discrimination complaints. (ECF No. 62 at 13.) He testified that he did not recall whether Royster ever made an allegation of unlawful discrimination, including discrimination based on her age.

[9] ArcGIS is a crime analysis mapping program the Sheriff purchased for use by the CAU. (ECF No. 58-1 at 12.) ArcGIS replaced a less advanced program called BatchGEO, which had previously been used. While BatchGEO was easy to use, it had "extremely limited functionality." (ECF No. 58-7 at 5-7.) Employees of the CAU had difficulty learning to use ArcGIS, but the program is recognized as the "industry standard" and allows users "to build customized maps and perform analysis on the data with regard to time, location, and type of crime." (ECF No. 58-5 at 5.)

training in ArcGIS, was more competent in using the program, and worked harder. The Sheriff thought Mack might be able to implement ArcGIS successfully. In addition, the Sheriff wished to implement the COMPSTAT program[10] at the detention center. The Sheriff believed that Royster was not a good manager and was incapable of implementing ArcGIS. But at the same time, the Sheriff believed that Royster understood the basics of reporting raw data and could assist with the implementation of COMPSTAT at the detention center. So, the Sheriff promoted Mack and reassigned Royster. The Sheriff suggests that these are all legitimate reasons for the adverse action that Royster challenges in this case.

In order to prevail on her claims for age discrimination and retaliation under the ADEA, Royster must prove that the Sheriff's proffered explanation for the adverse action is false and that her age or her protected activity "was a but-for cause of the alleged adverse action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013); *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("[T]he district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated [or retaliated] against the employee on the basis of [the employee's protected status]"). The Sheriff contends that Royster's case cannot survive summary judgment because she cannot show that either discrimination or retaliation was the real cause of the Sheriff's adverse action.

In response, Royster submits several categories of evidence that challenge the Sheriff's stated reasons for the adverse action. (ECF No. 61-1 at 33-39.) Preliminarily, Royster correctly notes that the lack of documentation regarding the Sheriff's decision to reassign Royster and

---

[10] The Sheriff states that COMPSTAT is a "new method of crime analysis using computer statistics." (ECF No. 58-1 at 10.)

promote Mack is evidence of pretext. (*Id.* at 33.) To the extent that any documentation does exist, it is the July 2014 performance evaluation. When considered in the light most favorable to Royster, the July 2014 performance evaluation suggests that she was adequately performing her duties in the CAU. *See Moss v. City of Abbeville*, 740 F. Supp. 2d 738, 746 (D.S.C. 2010) ("Prior satisfactory performance evaluations can be evidence that a more recent claim of poor performance is pretext for discrimination."). The Sheriff's lack of documentation, when combined with Royster's prima facie case of discrimination and retaliation, is sufficient to raise an "inference of discrimination to entitle a plaintiff to survive a motion for summary judgment." *EEOC v. Sears*, 243 F.3d 846, 854 (4th Cir. 2001); *see also Carr v. Mike Reichenbach Ford Lincoln, Inc.*, No. 11- 02240-RBH, 2013 WL 1282105, at *5 (D.S.C. Mar. 26, 2013) (noting that the absence of document may be evidence of pretext).

The timing of the Sheriff's adverse action in relation to Royster's complaints of age discrimination is additional proof of the Sheriff's retaliatory animus. The temporal proximity of an adverse employment action to an employee's exercise of protected activity can serve as proof of a causal link. *Pettis v. Nottoway Cty. Sch. Bd.*, 592 F. App'x 158, 160 (4th Cir. 2014). Viewing the evidence in the light most favorable to Royster, she complained about age discrimination to her supervisors in August 2014, and about a hostile work environment to Sheriff Bane in September 2014. In October 2014, Royster was passed over for promotion in favor of Mack, approximately one week after the Sheriff met with Swain.

The Sheriff characterizes Sheriff Bane as the sole decision-maker, but Royster points to evidence that Swain bore an age-related discriminatory animus and that he influenced the Sheriff's decision to take the adverse action against her. Swain believed Mack should be promoted, and met with the Sheriff to relay his opinion. (ECF No 61-5 at 55-56.) Viewed in the

light most favorable to Royster, there is evidence that Swain preferred Mack because of her relative youth. Swain made a number of comments about Mack's age. Soon after she was hired, Swain made a remark about Mack's year of birth ("1990…really ☹").[11] (ECF No. 61-10 at 2.) On several occasions, he referred to Mack as being "young and bright." (ECF No. 61-4 at 20.) During his deposition, Swain explained that he had a "friendly" relationship with Mack because she was the same age as his son. (ECF No. 58-7 at 10.) At the same time, Swain was "concerned" about the "younger male deputies . . . hanging around" Mack. (*Id.*) And when Royster complained that she believed Mack was receiving preferential treatment, Swain was present when Brooks angrily instructed Royster not to complain about Mack's treatment outside of the chain of command. (ECF No. 61-5 at 27-29.) Swain met with Sheriff Bane more than once to discuss Mack's performance, and his recommendation that she be promoted. (*See* ECF No. 61-5 at 46-47, 49.) One of these meetings occurred approximately one week prior to the Sheriff's adverse action against Royster. (*Id.* at 56.) Viewed in the light most favorable to Royster, this evidence would allow a reasonable jury to conclude that Swain's attempt to persuade the Sheriff to promote Mack (and reassign Royster) was motivated by discriminatory animus and that Swain was a proximate cause of the Sheriff's ultimate decision.

 Royster has presented sufficient evidence to allow a reasonable jury to conclude that the Sheriff's adverse action was because of discrimination and retaliation. While Royster's evidence of discrimination and retaliation is by no means robust, it is not the function of this Court to weigh evidence or decide disputed facts when deciding a motion for summary judgment. *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015). As other courts have

---

[11] Swain's affidavit states that he made the "remark about Ms. Mack's birth year . . . in jest and in observance of her birth year in the 1990s, which is near [his] son's age." (ECF No. 58-8 at 4.)

noted, "proof of discrimination is often elusive." *Lapsley v. Columbia Univ-College of Physicians and Surgeons*, 999 F. Supp. 506, 515-16 (S.D.N.Y. 1998). When an employer's intent is at issue, "direct, smoking gun, evidence of discrimination" is seldom available. *Id.*; *see also* D. Brock Hornby, *Summary Judgment Without Illusions,* 13 Green Bag 2d 273 (Spring 2010) (opining that "[j]udges should be slow to take inference questions away from juries," particularly in employment discrimination cases "where the critical issue – inference of discriminatory intent – is so fact-intensive"); *Lapsley*, 999 F. Supp. at 516 (noting that "[c]ourts must continue to be mindful that clever men may easily conceal their motivations.")

### III.  CONCLUSION

For these reasons, the Sheriff's motion (ECF No. 58) is **DENIED**. An accompanying Order follows.

July 24, 2017  
Date

/s/  
Timothy J. Sullivan  
United States Magistrate Judge